IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICHARD BRYANT** : | |
| Petitioner, : | |
| : | |
| v. : | Civil No. 2:21-cv-03075-JMG |
| : | |
| **SUPT., SCI FAYETTE, et al.,** : | |
| Respondents. : | |

**ORDER**

**AND NOW**, this 18th day of October, 2024, upon consideration of Petitioner's Motion pursuant to Fed. R. Civ. P. 60(b)(1) (ECF No. 32), **IT IS HEREBY ORDERED** that Petitioner's Motion is **GRANTED** and this Court's Order dated August 13, 2024 (ECF No. 31) is **VACATED**.[1]

---

[1] "[T]his Court finds Petitioner can seek the relief he is seeking under Rule 60(b) because his motion does not involve a lack of notice." *King v. Johnson*, Civ. No. 16-1620, 2021 WL 2680177, at *2 (D.N.J. June 30, 2021) (explaining "where a petitioner seeks to reopen the time to file an appeal due to a lack of notice of the underlying order dismissing or denying his case, courts have found that a petitioner must proceed through Federal Rule of Appellate Procedure 4(a)(6) rather than [FRCP] 60(b) to reopen the time to file an appeal."). Petitioner does not seek to challenge, with this Motion, the Court's conclusions. *See Parks v. Garman*, Civ. A. No. 15-CV-526, 2020 WL 4284185, at *2 (E.D. Pa. July 27, 2020) (providing that the Anti-Terrorism and Effective Death Penalty Act "limits a petitioner's ability to bring a second or successive habeas petition" and "The Supreme Court and the Court of Appeals for the Third Circuit have ruled that a Rule 60(b) motion to vacate a judgment denying habeas corpus petition under 28 U.S.C. § 2254 is construed as a second or successive habeas petition where the Rule 60(b) motion *seeks to challenge the underlying state conviction.*(emphasis added)). Rather, Petitioner simply asks us to restart the clock due to his attorney's excusable neglect. Respondents have not filed any brief in opposition to this Motion.

In determining whether to grant a Motion under Rule 60(b)(1), the Court employs an "equitable" test that "weigh[s] the totality of the circumstances." *Orie v. Dist. Att'y Allegheny Cnty.*, 946 F.3d 187, 191 (3d Cir. 2019). Factors to consider are: "1) the danger of prejudice to the other party; 2) the length of the delay and its potential impact on judicial proceeding; 3) the reason for the delay—and whether it was within the movant's control; and 4) whether the movant acted in good faith."

**IT IS FURTHER ORDERED** that:

1. The Report and Recommendation (ECF No. 28) is **APPROVED** and **ADOPTED**;

2. The Petition for a Writ of Habeas Corpus (ECF No. 1) is **DISMISSED** and **DENIED**, without an evidentiary hearing;

3. Petitioner has neither shown denial of a federal constitutional right, nor established that reasonable jurists would disagree with this court's procedural and substantive dispositions of his claims. Consequently, a certificate of appealability is **DENIED**.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Judge

---

*Id.* (quoting *Nara v. Frank*, 487 F.3d 187, 194 (3d Cir. 2007)). In weighing these factors, the Court finds that Petitioner's counsel has demonstrated excusable neglect entitling him to this relief. Petitioner's counsel prepared a notice of appeal, and even indicated that she had paid the filing fee. But she failed to actually docket the Notice because of her illness. The length of the delay was less than one month, and any prejudice to Respondents is *de minimis*. The court finds that efficiency and judicial economy considerations also weigh in favor of granting this Motion. For the foregoing reasons, the Court grants Petitioner's Motion.